Strougo v. N. State Bancorp, 2016 NCBC 13.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

ROBERT STROUGO, Individually
and on Behalf of All Others Similarly
Situated,

           Plaintiff,

     v.

NORTH STATE BANCORP;
FORREST H. BALL; LARRY D.
BARBOUR; JAMES C. BRANCH;
CHARLES T. FRANCIS; GLENN E.
FUTRELL; J. KEITH KEENER;
BURLEY B. MITCHELL, JR.; BARRY
W. PARTLO; W. HAROLD PERRY;
FRED J. SMITH, JR.; JACK M.
STANCIL; and NSB MERGER CORP,

           Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 14696

ORDER

{1}    THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, Certification of Settlement Class, Approval of Class Notice, and Scheduling of Final Approval Hearing ("Motion"). As explained below, the Court DEFERS its consideration of the Motion until the parties provide additional information that will allow the Court to fully consider the terms of the settlement.

*Schiller & Schiller, PLLC by David G. Schiller for Plaintiff.*

Gale, Chief Judge.

{2}    This Motion arises from Plaintiff's challenge to the merger of North State Bancorp ("North State") and NSB Merger Corp ("NSB").

{3}    Plaintiff urges the Court to approve the proposed class settlement under a relaxed standard that requires the Court to determine only that the terms

of the settlement fall "within a range of reasonableness." (Pl.'s Mem. Law Supp. Unopposed Mot. Prelim. Approval of Settlement, Certification Settlement Class, Approval Class Notice, and Scheduling Final Approval Hr'g 2.)

{4}     However, the parties have not yet provided the Court with even the minimal information required to allow for preliminary approval, even under this relaxed standard.

{5}     To date, Defendants have made no filing in the case at all. Although certain counsel for Defendants are identified in a settlement stipulation that is attached to the Motion, no counsel has appeared for Defendants in this action. (*See* Stipulation and Agreement of Compromise, Settlement and Release ("Agreement") 21.)

{6}     The Court has reviewed the Complaint for Breach of Fiduciary Duty ("Complaint"), as well as Plaintiff's Motion for Preliminary Injunction, which was withdrawn before any response was required and before the Court had scheduled the matter for hearing.

{7}     The Complaint attacks the exercise of fiduciary duties owed by North State's directors. North State and NSB are both North Carolina corporations. Under the internal-affairs doctrine, claims relating to the fiduciary duties owed by directors of a North Carolina corporation must be determined under North Carolina law. *See Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 680, 657 S.E.2d 55, 63 (2008).

{8}     Both the Complaint and the brief filed in support of Plaintiff's Motion for Preliminary Injunction rely heavily on standards and concepts developed by Delaware courts. Some of those concepts do not apply in North Carolina. Specifically, the brief cites the standard set forth in *Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*, 506 A.2d 173 (Del. 1986), in an effort to urge an enhanced duty owed by directors in this transaction, even though North Carolina has expressly rejected the *Revlon* standard. *See* N.C. Gen. Stat. § 55-8-30(d) (2015); *see also* Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 9.08[3], at 9-23 to -24 (7th ed. 2015).

{9}     The distinction between a claim that is premised on North Carolina law and a claim that is premised on Delaware law is particularly significant for a settlement in which plaintiff's counsel seeks an award of attorneys' fees based on supplemental disclosures that were obtained before a shareholder vote.

{10}     The Court's authority to grant attorneys' fees based on a direct claim is dependent upon an agreement between the parties. *See In re Pike Corp. S'holder Litig.*, No. 14-CVS-1202, 2015 NCBC LEXIS 95, at *18 (N.C. Super. Ct. Oct. 8, 2015), *appeal docketed*, No. 37PA16 (N.C. Feb. 5, 2016); *In re Harris Teeter Merger Litig.*, No. 13-CVS-12579, 2014 NCBC LEXIS 47, at *22 (N.C. Super. Ct. Sept. 24, 2014). Even in the event of an agreement, the Court must find that the agreed-upon amount of attorneys' fees is reasonable, just as it must consider the fairness of the proposed settlement by examining the balance between the strength of the disclosures obtained and the scope of the release offered. *See Ehrenhaus v. Baker*, __ N.C. App. __, 776 S.E.2d 699, 708 (2015); *In re Trulia, Inc. Stockholder Litig.*, C.A. No. 10020-CB, 2016 Del. Ch. LEXIS 8, at *34 (Jan. 22, 2016).

{11}     Here, the parties have not provided the Court with adequate information to determine that the proposed settlement terms are even prima facie reasonable under the appropriate standards of review.

{12}     For example, the filings to date do not present a detailed and informed analysis of why any disclosures or relief sought were materially advantageous to the putative class and, more particularly, why the disclosures or relief sought were sufficiently advantageous to justify the scope of the release allowed by the Agreement. Although Plaintiff argues that he secured a meaningful right to vote for minority shareholders, he provides no explanation to show how voting by separate classes of stock (common stock and preferred stock) significantly affected the ultimate approval of the transaction. There is not even a cursory summary of the details of the transaction to support a conclusion that any supplemental disclosures were meaningful.

{13}     Accordingly, the Court is not yet prepared to issue an order preliminarily approving the proposed settlement, and instead, orders as follows:

1. This Order shall be served by e-mail and by first-class mail on the counsel for Defendants identified in the Agreement that was filed with the Motion.

2. Any party to the Agreement may, within fifteen days of the filing of this Order, submit such further documentation or affidavits to demonstrate good cause as to why the Court should grant preliminary approval of the class settlement.  Such filing should address, among other factors, the balance between the consideration being paid and the release being secured.

3. The Court will then determine whether to hold a hearing before proceeding further in its consideration of whether to issue an order preliminarily approving the settlement, directing notice to the putative class, and setting the matter for a final fairness hearing.

IT IS SO ORDERED, this the 16th day of February, 2016.


/s/ James L. Gale
James L. Gale
Chief Special Superior Court Judge
 for Complex Business Cases